UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN WAUDBY, individually and on behalf of all others similarly situated, : <br> : <br> Class Plaintiff, : <br> : <br> v. : <br> : <br> VERIZON WIRELESS SERVICES, LLC, et al., : <br> : <br> Defendants. : <br> _____ : | Civil Action No. 07-470 (FLW) <br><br><br> M E M O R A N D U M <br> O P I N I O N |

**HUGHES, U.S.M.J.**

**I.    INTRODUCTION**

  This matter comes before the Court upon Motion by Movant Brian Thormann ("Movant") to Intervene in this Action and for Appointment of Interim Class Counsel [dkt. entry no.24], returnable February 4, 2008.  Both Class Plaintiff John Waudby ("Plaintiff") and Defendants Verizon Wireless Services LLC, et al. ("Defendants") oppose Mr. Thormann's Motion.  In addition, Mr. Waudby filed a cross-motion to appoint Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart, & Olstein, P.C.; Freed & Weiss, LLC; Seeger Weiss; and Richard J. Burke LLC (collectively "Carella Byrne") as interim class counsel.  Mr. Thormann filed a reply on January 18, 2008.  The Court considered all of the parties' submissions and decided this matter pursuant to Federal Rule of Civil Procedure 78.

  For the reasons stated herein, Mr. Thormann's motion to intervene is denied and Carella Byrne is appointed interim class counsel.

1

II.     PROCEDURAL AND FACTUAL BACKGROUND

Movant Brian Thormann seeks to intervene in this class-action lawsuit that was filed on January 27, 2007. In the Complaint, Plaintiff alleges that Defendants' "early termination fee" ("ETF") gives rise to claims for violation of (1) the Federal Communications Act; (2) the New Jersey Consumer Protection Act; (3) alternatively, violations of the substantially similar laws of certain states; and (4) Declaratory Relief pursuant to 28 U.S.C. § 2201. (Pl.'s Compl. at ¶ 4.)

Proposed intervenor, Mr. Thormann, is a member of the putative class in the pending Arbitration[1] and a member of the putative class in this action. He seeks to intervene under Federal Rules of Civil Procedure 20(a) and 23(d)(2). Moreover, he seeks to have his counsel, the Law Offices of Scott A. Bursor, appointed as sole Lead Counsel.

Movant's Counsel argues that since the Arbitrator appointed Mr. Bursor as sole Lead Counsel in the California-arbitration, which has been going on for four years, then this Court should similarly grant Movant's motion to intervene as well as its motion for appointment of class counsel. In furtherance of its arguments, Movant states that Mr. Weiss and his colleagues were discharged from the Arbitration in January 2007. (Movant's Br. at 1.) Movant then argues that a month later Mr. Weiss copied verbatim the pleading from the Arbitration and then filed it with this Court. *Id.*

---

[1] There is a substantially similar class in *Brown and Zobrist v. Cellco Partnership d/b/a Verizon Wireless*, AAA Xase No. 11 494 01274 05 (the "Arbitration").

**III.     DISCUSSION**

    A.    <u>Movant's Motion to Intervene</u>

Movant argues that he is a member of the putative class defined in paragraph 30 of Mr. Waudby's Complaint as "[a]ll persons who Verizon charged an ETF." (Movant's Br. at 2.) Thus, Movant argues that he should be permitted to intervene under Federal Rules 24 and 23(d)(2). *Id.* Defendants oppose Movant's motion arguing that Movant failed to comply with Rule 24(c) and, in addition, failed to demonstrate that he is entitled to intervene as of right pursuant to Rule 24(a).

    1.    *Federal Rule of Civil Procedure 24(a)*

Federal Rule of Civil Procedure 24(a) states that "[u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the application may, as a practical matter, impair or impede the applicant's ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties*." Fed. R. Civ. P. 24(a) (emphasis added).

Here, Movant has not shown that his interest would be impaired by the case moving forward without him intervening. In fact, quite the opposite is true because if the class is certified, the Court would deem that Movant's interests are adequately protected. *See* Fed. R. Civ. P. 23(a)(4). If, on the other hand, the class is not certified than Movant remains free to file an independent action to pursue his claims. Moreover, Movant can opt out of any class that may ultimately be certified in order to pursue his claims independently. Thus, the Court finds that Movant has not demonstrated a real deprivation of interests. *See In re Safeguard Scientifics*, 220

F.R.D. 43, 48-49 (E.D. Pa. 2004) (the court denied a proposed intervention of a class member under Rule 24 because the class member was free to pursue an individual claim). By his own statement, Movant proves that he is not entitled to intervene as of right since both he and Mr. Waudby have the same goal. Specifically, Movant states that "since [he] is a member of the putative class seeking to assert essentially the same claims on behalf of essentially the same class of [Defendants'] customers, [het] should be permitted to intervene under Rule 24(a)." (*See* Movant's Br. at 2.)

        2.     *Federal Rule of Civil Procedure 24(c)*

Pursuant to Federal Rule of Civil Procedure 24(c), a "person desiring to intervene shall serve a motion . . . that shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." A proposed intervenor must comply with the requirements of Rule 24(c). *See S.E.C. v. Investors Sec. Leasing Corp.*, 610 F.2d 175, 178 (3d Cir. 1979). Rule 24(c) is intended to "enable the court to properly frame the issues, and to inform the parties against whom some right is asserted or relief sought." *In re Pantopaque Prods. Liab. Litig.*, 939 F. Supp. 266, 274 (D.N.J. 1996).

Here, Movant has not provided a pleading as is required by the Rule. Moreover, Movant's motion fails to state a factual basis for a claim beyond the assertion that Movant is a member of the putative class as defined in the Complaint. Said statement neither sufficiently identifies Movant's interest relating to "the property of or transaction that is the subject of" this action nor explains why "the disposition of the action may . . . impair or impede" his ability to protect [his] interest." Further, Movant's conclusory statement does not allow an adequate assessment of whether Mr. Waudby adequately represents Movant's interests.

The Court and parties cannot speculate on what Movant's interests and positions might be. Thus, Movant's Motion to Intervene is denied.[2]

B.     Appointment of Lead Class Counsel

At the outset, the Court notes that since Movant's motion for intervention has been denied, Movant's counsel, The Law Offices of Scott A. Bursor, cannot be interim lead counsel. However, even if Movant was permitted to intervene, the Court would nonetheless appoint Carella Byrne as interim lead counsel.

Pursuant to Federal Rule of Civil Procedure 23(g)(2)(A), the "court may designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Pursuant to Federal Rule of Civil Procedure 23(g)(2)(B), "[i]f more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant *best* able to represent the interests of the class." (emphasis added). Federal Rule of Civil Procedure 23(g)(1)(C)(i) lists the four criteria that the court must consider in appointing class counsel. They are the following: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Also, the Court may consider other matters pertinent to counsel's ability to fair and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(1)(C)(ii). Each factor will be discussed

---

[2] Movant also sights Fed. R. Civ. P. 23(d)(2). The Court holds that Rule 23(d)(2) does not create a separate or independent basis for intervention. *See Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 344 (D. Mass. 2005). Rather, intervention in class actions is governed by the same principles that apply in any other proceeding. *See* 7B C.A. Wright & A.R. Miller, Federal Practice and Procedure: Civil § 1799 at 246 (3d ed. 2005).

below.

          1.    *The Work Counsel has Done in Identifying or Investigating Potential Claims in the Action*

Carella Byrne drafted the Complaint in this case. Moreover, despite Movant's counsel argument that the Complaint in this case is "copied verbatim" from the Complaint that is pending in arbitration, (Movant's Br. at 1), the Court finds that Carella Byrne drafted that Complaint as well. (Decl. of Paul Weiss at 3.) It is undeniable that Movant's counsel has been involved in the Arbitration of this case in California, (Movant's Br. at 4-12), but the Court finds that Carella Byrne has more experience in class action litigation and, more specifically, ETF litigation. In fact, Carella Byrne brought one of the initial ETF actions and has had substantial participation in pursuing ETF claims. Moreover, Mr. Paul Weiss was co-class counsel in the ETF arbitration matter pending against Verizon until his participation ceased. Moreover, Carella Byrne, specifically both Richard J. Burke and Paul Weiss, developed the ETF's class damage and recovery model that was used by all Plaintiff's counsel at the unsuccessful mediation held in California in 2007. Carella Byrne has expanded a significant amount of money ("tens of thousands of dollars") in FCC related costs on how to best oppose the industry petitions. (*See* Weiss Decl. at 4.)

          2.    *Counsel's Experience in Handling Class Actions, Other Complex Litigation, and Claims of the Type Asserted in the Action*

At the outset, the Court notes that both Counsel are experienced litigators. However, Carella Byrne is more experienced and better able to handle the types of claims asserted in this action.

Freed & Weiss are well known for their consumer class action cases.[3] Moreover, Carella Byrne is co-lead class counsel in *Hall v. Sprint Spectrum*, -- N.E.2d --, 2007 WL 1892679 (Ill. App. Ct. June 27, 2007) which is the only cell phone ETF case that has been certified on a contested basis as a multi-state class. (*See* Weiss Decl. at 2.) Carella Byrne has extensive class-action experience in class actions involving cases such as the Exxon Dealer Class Action, the AOL/Time-Warner Class Action, the KPMG Tax Shelter Class Action, the Merck/Vioxx Securities Class Action, the Rail Fuel Surcharge Class Action, the Virgin Mobile Securities Class Action, and the Wachovia ERISA Class Action. (*See* Decl. of James Cecchi at 3-6.) Seeger Weiss LLP is an international law firm with extensive experience in the prosecution of complex litigation, specifically involving cases seeking relief for consumers in the telecommunications industry. (Decl. of Scott Alan George at 2.)

While Carella Byrne are proven, high-powered litigators involved in some of the most complex class-action lawsuits in the country, Scott A. Bursor, while experienced, is a solo practitioner.[4] It would be untenable for the Court to permit Mr. Bursor alone to represent the proposed class. Although Movant's counsel argues that it is better able to handle the case then the Carella Byrne team, the Court finds that Carella Byrne has acted diligently and appropriately throughout their representation of this case and the pending Arbitration.

---

[3] *See* Weiss Decl. at 2 (*Hall v. Sprint Spectrum L.P., et al.*, No. 04-L-113 (3d Jud. Cir., Illinois) (ETF Charges); *Monday v. Locus Telecommunications, Inc.*, Civ. Action No: 07-2659 (PGS) (D.N.J.) (calling card fees); *Ramirez v. Lycatel, LLC*, Civ. Action No. 07-5533(FSH)(D.N.J.) (calling card fees); etc.)

[4] . The Court cannot speculate who Mr. Bursor has as co-counsel working with him on this matter.

       3.     *Counsel's Knowledge of the Applicable Law*

Both Movant's and Plaintiff's counsel are knowledgeable in the applicable law. The Court does not base its holding for Movant's counsel's lack of knowledge in the substantive law. Rather, the Court finds that the attorneys on the Carella Byrnes' team are more experienced, have completed more work, and will be able to devote more resources to this litigation than Movant's attorney(s). Additionally, Carella Byrne is more familiar with this Court's local rules and procedures.

       4.     *The Resources Counsel Will Commit to Representing the Class*

As previously noted, the Carella Byrne team has well-established, respected, and experienced attorneys representing the proposed Class. Carella Byrne has more resources to commit to this litigation than the Law Offices of Scott A. Bursor. Movant's brief aims more at disqualifying Carella Byrne than it does qualifying himself. Movant alleges that "Waudby counsel have a long track record of failing to appear, failing to contribute, failing to assist, and failing to devote any significant resources to the prosecution of these claims." (Movant's Br. at 15.) The Court disagrees.

First, as the Court has previously noted, Carella Byrne was responsible for drafting the Complaint in this case as well as the Complaint in the four-year old Arbitration. Second, despite Movant's allegations that Freed & Weiss were engaged in a "dispute" with other counsel "concerning the representation of Ms. Zobrust[,]" rather than working on matters relating to the arbitration, the Court finds that Mr. Weiss stopped working on the arbitration because Phil Bock sent him an e-mail stating that Mr. Weiss should not perform any work on the Zobrist case. (Weiss Decl. at 5.) As Ms. Zobrist was not Mr. Weiss's client, it was not his responsibility to

represent her. Third, Movant's argument that Freed & Weiss failed to appear at a hearing is similarly unpersuasive in light of the fact that they were never responsible for attending said hearing. Rather, it was Mr. Bursor's own co-counsel in the Arbitration, the Lakin Law Firm, who failed to attend the hearing. *Id.* at 5-6. Simply stated, the Court finds that Carella Byrne has more resources to expend in this litigation and thus is a more appropriate representative of the interim class.

In sum, the Carella Byrne team is appointed interim class counsel because (1) Movant's Motion to Intervene was denied, thus leaving Movant's firm without a basis for becoming interim class counsel and (2) Carella Byrne is experienced, able to expend more resources, and has already expended a considerable amount of resources familiarizing themselves with the claims involved in this lawsuit.

**IV.     CONCLUSION**

For the reasons stated herein, Movant's Motion to Intervene is denied. Furthermore, Movant's Motion to Appoint the Law Office of Scott A. Bursor as sole Lead Counsel is denied. Plaintiff's cross-motion to appoint Carella Byrne as sole Lead Counsel is granted. An appropriate Order accompanies this Memorandum Opinion.

**DATED**: February 14, 2008